IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:04CV482

| | |
|---|---|
| ALVIS COATINGS, INC., <br>     Plaintiff <br><br> vs. <br><br> ALAN TOWNSEND and <br> LINDA TOWNSEND, <br>     Defendants. | ) <br> ) <br> ) <br> )     **ORDER TO SHOW CAUSE** <br> ) <br> ) <br> ) <br> ) <br> ) |

**THIS MATTER IS BEFORE THE COURT** *sua sponte*. On April 20, 2005, the attorneys representing Alvis Coatings, Inc. ("Alvis Coatings") filed a Motion for Leave to Withdraw. In the Motion for Leave to Withdraw, the attorneys informed the Court as follows:

> Despite repeated attempts to contact an Alvis representative, Alvis has not communicated with Alston & Bird or made payment on outstanding invoices since January 2005. A letter was sent to Allen Dobyne, President of Alvis, both at the last company address available to Alston & Bird as well as the home of its President, in which Alvis was given reasonable notice that Alston & Bird would withdraw unless Alvis (i) communicated with Alston & Bird regarding multiple ongoing matters, and (ii) paid its past due legal fees and expenses. Alvis neither responded to the letter nor made any payment on past due invoices.

The Court subsequently granted the Motion for Leave to Withdraw.

On May 4, 2005, the undersigned entered an Order, which set a status conference in the above-captioned case pursuant to Rule 16 of the Federal Rules of Civil Procedure ("Federal Rules") for May 25, 2005 at 10:00 A.M. That Order was served upon Alvis Coatings, Inc. ("Alvis Coatings") at two addresses – (1) the address listed in the Court's records and on Alvis Coating's North Carolina Business Corporation Annual Report, filed April 5, 2004, as the business address for Alvis Coatings, and (2) the address provided by Alvis Coatings' former attorneys and listed in the Mecklenburg County tax records as the home address for Allen Dobyne, who is both the President

of Alvis Coatings and its registered agent. Neither Allen Dobyne nor any other person attended the May 25, 2005 status conference on behalf of Alvis Coatings.

On May 25, 2005, the undersigned entered an Order directing Alvis Coatings to show cause – within twenty days – why the Complaint should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute the action. The undersigned warned Alvis Coatings that a failure to make timely response would result in dismissal. The Order was served on Alvis Coatings at the two addresses described above. As of today's date – more than two weeks after the deadline imposed by the Court in the May 25, 2005 Order, Alvis Coatings has not responded to the Order. Because Alvis Coatings has failed to prosecute the above-captioned action and also failed to comply with orders of the Court, the undersigned will dismiss the above-captioned action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS, THEREFORE, ORDERED** that the above-captioned action is **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the "Motion to Dismiss" (Document No. 7), filed November 10, 2004 by Alan Townsend and Linda Townsend, and the "Plaintiffs' Motion for Preliminary Injunction" (Document No. 17), filed November 29, 2004 by Alvis Coatings, are **DENIED AS MOOT**.

**Signed: June 29, 2005**

David C. Keesler
United States Magistrate Judge